UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW GENE BALLARD,<br><br>Movant. | No. 2:16-cr-0102 GEB CKD<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding through counsel on an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and a motion for discovery. Respondent was ordered to file a response to the motions to vacate and for discovery, and the response is currently due December 30, 2019. (ECF No. 85.) On December 3, 2019, movant filed a request for a protective order to limit the scope of the implied waiver of the attorney-client privilege and the dissemination and use of any materials or information obtained from former defense counsel. (ECF No. 86.) Since it appeared from the motion that the parties disagreed as to the scope of the waiver, respondent was ordered to respond to the request for protective order. (ECF No. 87.) Respondent has now filed a motion for a revised briefing schedule (ECF No. 88), which movant opposes in part (ECF No. 89).

In her motion for a revised briefing schedule, counsel for respondent requests that the deadline to respond to the request for a protective order be extended to February 4, 2020, and that

1

the response to the § 2255 motion be due ninety days after an order ruling on the request for a protective order. (ECF No. 88 at 2.) Counsel asserts that she believes it is necessary to resolve the motion for protective order prior to completing briefing on the § 2255 motion. (Id. at 3, ¶ 3.) She further claims that it is necessary to obtain information from former defense counsel in order to respond to both the § 2255 motion and the motion for protective order, and that additional time to respond to the motion for protective order is necessary because of former defense counsel's unavailability and her own case constraints and accrued use or lose leave. (Id., ¶¶ 3-4.)

Movant does not appear to oppose the proposed schedule as a general matter,[1] but instead opposes respondent's stated intention to interview and obtain documents from former defense counsel in order to respond to the motion for a protective order. (ECF No. 89.) He argues that this stated intention to interview former defense counsel and review his files ignores the purpose of the motion for protective order. (Id.)

Respondent's position regarding briefing on the § 2255 motion is well taken, and the deadline to respond to the § 2255 motion will be vacated and a response will be due sixty days after an order ruling on the motion for protective order. However, as movant points out, allowing respondent's counsel to interview former defense counsel and review his case files defeats the point of the motion for protective order. Furthermore, it is unclear why respondent needs to question former defense counsel or review his case files in order to respond to movant's position on the proper scope of the implied waiver of attorney-client privilege. Since it is unclear what portion of the requested extension was based on former defense counsel's unavailability and what portion was due to respondent's counsel's other obligations, the court will grant a thirty-day extension of the deadline to respond to the motion for protective order and movant may reply within seven days of the filing of a response.[2] Additionally, until the motion for protective order has been ruled on, respondent shall refrain from obtaining and reviewing former defense counsel's case files in this matter and from discussing with former defense counsel his

---

[1] Counsel does note his unavailability during the month of February and requests an alternate reply deadline. (ECF No. 89 at 4.)

[2] The parties are free to request additional time, should they find it necessary, and should file stipulated requests for extension when possible.

representation of and attorney-client relationship with movant.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for an amended briefing schedule is granted in part.

2. Respondent shall file a response to the motion for protective order on or before January 17, 2020.  Movant's reply, if any, is due seven days after service of a response.

3. Respondent's December 30, 2019 deadline to respond to the § 2255 motion is vacated. A response shall be due within sixty days of the filing of an order ruling on the motion for protective order.  Movant's reply, if any, shall be due thirty days from the service of a response.

4. Until the court rules on the motion for protective order, respondent shall refrain from obtaining and reviewing former defense counsel's case files in this matter and from discussing with former defense counsel his representation of and attorney-client relationship with movant.

Dated: December 20, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:ball0102.eot

3