UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0102 KJM CKD P |
| Respondent, | |
| v. | ORDER |
| MATTHEW GENE BALLARD, | |
| Movant. | |

Movant is a federal prisoner proceeding with counsel with an amended motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. On February 10, 2017, movant pled guilty to two counts of bank theft, one count each of aggravated identity theft, and one count of unlawful possession of five or more identification documents. On September 8, 2017, movant was sentenced to concurrent terms of 27 months on the bank fraud and identity theft counts to be served consecutively to 24 months for unlawful possession of five or more identification documents; a total sentence of imprisonment of 51 months.

On June 11, 2020, the court ordered the parties to file a joint statement addressing all outstanding matters including three motions for discovery. After considering the joint statement, and all relevant parts of the record, the court resolves all outstanding matters as follows.

/////

/////

1

I. <u>Movant's August 27, 2019 "Motion for Discovery and/or Evidentiary Hearing"</u>

    A. <u>Request for Production Regarding Inspector Daron Tarver</u>

On November 1, 2018, after movant's original § 2255 motion was submitted to the court for decision, respondent filed notice that Postal Inspector Daron Tarver, who had been involved in the investigation of the crimes committed by movant, had been charged in this court with theft of money orders. Respondent submitted the complaint filed against Tarver which indicates that the criminal acts Tarver allegedly committed and the investigation concerning those acts all occurred after movant pled guilty. Still, at the request of movant, the complaint filed by respondent prompted the court to appoint counsel for movant on January 10, 2019. On April 4, 2019, the court granted movant leave to amend his § 2255 motion. The amended motion was filed approximately four months later.

In the amended motion, movant asserts claims related to the charges filed against Mr. Tarver and Tarver's plea of guilty in case 2:18-cr-0223 TLN. Movant alleges the following wrongdoing:

1. Tarver omitted from a search warrant application related to this case that he had been involved in mail theft.

2. Tarver omitted from the same search warrant application that at the time of movant's arrest, Tarver solicited movant to help Tarver "make some money" cashing money orders in exchange for making the charges herein against movant "go away."

3. When the application for a search warrant was made and when the criminal complaint was submitted in this action, the government failed to disclose to movant or the undersigned (the magistrate judge approving the search warrant and signing off on the complaint) that Tarver was involved in mail theft.

4. Movant was not made aware of Tarver's criminal activity until November of 2019 even though Tarver pled guilty in 2018.

The problem with allegations 1 and 3 is that there is nothing before the court which reasonably suggests Tarver had engaged in any mail theft until after movant pled guilty in this matter.

Allegation 2 amounts to a claim upon which movant cannot obtain relief. Any claims arising before entry of a guilty plea which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable in any federal habeas action. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Whatever claim movant might have with respect to comments made by Tarver at the time of movant's arrest are not cognizable here.

Allegation 4 is incorrect. As indicated above, the complaint against Tarver alleging theft of money orders was filed in this action on November 1, 2018 and Tarver did not plead guilty in 2:18-cr-0223 TLN until July 18, 2019.

Against this backdrop, movant seeks an order

> directing the government to produce all discovery, including, but not limited to all investigative reports as well as audio/video production relating to the inception of the government's investigation into Postal Inspector Daron Tarver's felonious criminal activity as well as its breadth and scope, all of which has resulted in his plea of guilty in Eastern District Case No. 18-cr-223 TLN.

The complaint against Tarver filed in this matter indicates that the investigation into his potentially criminal conduct began no earlier than September 6, 2018. ECF No. 57-1 at 3-5. According to the complaint, and the presentence investigation report filed in case no. 2:18-cr-233 TLN, the evidence obtained by investigators suggests that Tarver initiated his money order stealing scheme no earlier than July of 2017 approximately five months before movant pled guilty in this action. ECF No. 57-1 at 6; 2:18-cr-223 TLN, ECF No. 43 at 4. There is nothing before the court, other than movant's self-serving, uncorroborated, and far-fetched claim about what occurred when movant was arrested, indicating Tarver was engaged in criminal activity before that or even preparing to engage in criminal activity.

/////

Under Rule 6(a) Rules Governing § 2255 cases, the court may, "for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." The court cannot authorize discovery for "fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court for the Northern Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996).

Movant has not established good cause for permitting discovery related to the charges filed against Daron Tarver and then his plea of guilty in case number in 2:18-cr-223 TLN. Movant fails to point to anything reasonable or present any reasonable argument that anything that happened in that case, or anything that might reasonably be discovered because of the investigation conducted pursuant to that case, will have any impact on the validity of movant's conviction in this case. Counsel's request for production amounts to a "fishing expedition" not permitted under federal law.

The court notes that the government's obligation arising under Brady v. Maryland, 373 U.S. 83, 87 (1963) to disclose "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment" continues after conviction and into post-conviction proceedings. Tennison v. City and Cnty of San Francisco, 570 F.3d 1078, 1094 (9th Cir. 2009). The court has no reason to suspect the government has not met its obligation under Brady here.

B. Evidentiary Hearing

Movant requests that the court hold an evidentiary hearing so that movant may

> cross-examine government witnesses to ascertain the specific evidence available to the government at the time it began its investigation of Postal Inspector Tarver, and why that evidence was not disclosed to movant, and the defense earlier than November 1, 2018.

Generally speaking, the purpose of an evidentiary hearing is to resolve a factual dispute. Townsend v. Swain, 372 U.S. 293, 309 (1963). It is not a mode of discovery, such as a deposition, as movant suggests. There is no dispute as to any material fact at this point as respondent has not yet filed an opposition to movant's amended motion. Therefore, an evidentiary hearing is not warranted.

/////

      C.  <u>Transcript of Interview with Julie Ballard</u>

In claim 4 in his amended motion, movant asserts his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment by failing to move to suppress the contents of an interview with his wife, Julie Ballard, conducted by Inspector Tarver. Movant claims Ms. Ballard only agreed to waive spousal privilege and be interviewed after respondent's counsel threatened charges against her and that her children would be taken from her. Ms. Ballard confirms movant's assertions in an affidavit attached to movant's discovery motion. ECF No. 78-5. Pursuant to this claim, movant seeks a copy of the transcript of the interview between Tarver and Ms. Ballard apparently to corroborate his allegation that the statements made in the interview "formed the case against [him]." ECF No. 75 at 9. Respondent has submitted a copy of the transcript to the court which the court has reviewed in camera.

Movant fails to point to anything suggesting the filing of motion to suppress on grounds of coercion was an appropriate course of action because movant fails to point to anything suggesting counsel's threats directed at Ms. Ballard were not well-founded or in bad faith and movant does not seek discovery as to that issue. Therefore, movant cannot meet the first requirement of any ineffective assistance of counsel claim which is that counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984) applies. This being the case, there is not good cause to permit discovery as to the transcript of the interview since no matter the contents, movant is not entitled to relief as to claim 4.[1]

II. <u>Movant's March 12, 2020 "Supplemental Request for Discovery and Renewed Request for Evidentiary Hearing"</u>

In the court's June 11, 2020 order directing the parties to submit a joint statement concerning all outstanding matters, the court made clear that the parties must address movant's

/////

---

[1] Although movant does not allege that the transcript of the interview contains any evidence that Ms. Ballard was coerced into being interviewed to the point that the contents of the interview would have been suppressed, the court reviewed the transcript for such evidence and there is none.

5

March 12, 2020 motion for supplemental discovery. The parties did not. Accordingly, the court will deem that motion withdrawn.

III. Respondent's Motion for Discovery

Respondent has filed a motion asking to engage in discovery as to movant's ineffective assistance of counsel claims. Good cause appearing, respondent will be permitted to depose movant's trial counsel, Olaf Hedberg, and request that he bring documents to the deposition as permitted in the Federal Rules of Civil Procedure. The deposition and request for documents shall concern only claims 2 and 9 in movant's amended § 2255 motion and are limited to the following topics: (1) the details of any conversation or other communication between trial counsel and movant as to whether movant should plead guilty; and (2) whether during such conversations or other communications trial counsel provided any information to movant that he knew to be false or misleading or did not reasonably understand to be true.

With respect to movant's other ineffective assistance of counsel claims, good cause for discovery has not been established as counsel for respondent fails to indicate why the claims cannot be adequately defended based upon the record before the court as it stands.

Attorney-client privilege is deemed waived as to topics identified above. As to those claims and topics for which discovery is not permitted, counsel may, at the conclusion of the deposition of Mr. Hedberg, seek additional discovery. But, any motion for further discovery must be accompanied by a showing of a need for more discovery including the information sought, and why the information sought is needed to defend against a particular claim.

IV. Protective Order

Movant seeks a protective order with respect to information obtained by respondent in discovery. That request will be granted, and the content of the order is described below.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Movant's "Motion for Discovery and/or Evidentiary Hearing" (ECF No. 77) is denied.

2. Movant's "Supplemental Request for Discovery and Renewed Request for Evidentiary Hearing" (EFC No. 106) is deemed withdrawn.

/////

6

    3. Respondent's motion for discovery (ECF No. 98) is granted in part and denied in part as follows:

        A. Granted in that respondent is permitted to depose movant's trial counsel, Olaf Hedberg, and request that he produce documents at the deposition as permitted in the Federal Rules of Civil Procedure. The deposition and request for documents shall concern only claims 2 and 9 in movant's amended § 2255 motion and are limited to the following topics: (1) the details of any conversation or other communication between trial counsel and movant as to whether movant should plead guilty; and (2) whether during those conversations or communications trial counsel provided any information to movant that he knew to be false or misleading, or did not reasonably understand to be true.

        B. Denied as to all other claims and topics.

        C. The deposition of Mr. Hedberg must be completed within 45 days.

    4. Respondent's answer shall be filed no later than November 15, 2021. Movant's traverse shall be filed no later than December 31, 2021.

    5. Movant's request for a protective order is granted. Anything obtained by respondent in discovery which would otherwise be protected by attorney-client privilege if not for the wavier of the privilege described herein is deemed confidential and may only be used by representatives of the Office of the United States Attorney for the Eastern District of California and only for purposes of litigating the claims presented in the amended § 2255 motion pending before this court. Disclosure may not be made to any other persons or agencies. This order shall continue in effect after the conclusion of the proceedings as to the pending amended § 2255 motion and, specifically, shall apply to all future criminal proceedings except that either party maintains the right to request modification or vacation of this order after entry of final judgment in this matter.

Dated: August 25, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ball0102.mfd