UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW GENE BALLARD,<br><br>Movant. | No.  2:16-cr-0102 KJM CKD P<br><br><br>ORDER AND<br><br>FINDNGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding with a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255.  On October 8, 2021, the court ordered that respondent file an answer by December 15, 2021.  That deadline was not met.  On December 21, 2021, the court ordered respondent to show cause why sanctions should not be imposed for failure to file an answer by December 15, 2021.  A response to the order to show cause was filed December 29, 2021.  Based upon the information provided by respondent, the court finds that sanctions are not appropriate and the order to show cause will be discharged.

Respondent moves to dismiss for failure to prosecute.  ECF No. 130.  Respondent asserts that, "Movant Ballard has apparently refused to comply with this Court's order to timely take [Olaf] Hedberg's deposition and to complete final briefing on the remaining amended § 2255 claims."  However, movant was not granted leave to depose Mr. Hedberg; rather, respondent was granted that leave.  ECF No. 127 at 7. Further, movant did not miss any deadlines pertaining to

the final briefing of movant's § 2255 motion. While it does appear that counsel for movant lost contact with movant between approximately October 1, 2021 (ECF No. 130 at 2) and November 26, 2021 (ECF No. 132), respondent fails to point to anything suggesting that this is an adequate basis for dismissal for failure to prosecute. Accordingly, the court will recommend that the motion to dismiss be denied.

In light of the pending motion to dismiss, the court will not set a deadline for the filing of respondent's answer. A deadline will be set, if necessary, after final ruling on the motion to dismiss by the district court judge assigned to this case.

Finally, respondent has filed a motion seeking leave to serve interrogatories upon movant's former counsel Olaf Hedberg. Respondent asks that Mr. Hedberg answer interrogatories identified by respondent and then produce any "relevant documents." However, Mr. Hedberg is not a party to this action. As interrogatories may only be served upon on a party, Fed. R. Civ. P. 33, respondent's request will be denied.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued December 21, 2021 is discharged; and

2. Respondent's "motion for discovery" (ECF No. 134) is denied.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 130) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

---

[1] Respondent is correct that interrogatories are a type of discovery authorized under the language of Rule 6(b) of the Rules Governing Section 2255 Cases. Under Rule 6(a), however, the court is only permitted to authorize a party to conduct discovery as provided for in the Federal Rules of Criminal Procedure or Civil Procedure. Interrogatories are authorized under Rule 33 of the Federal Rules of Civil Procedure and can only be served on a "party."

1 | parties are advised that failure to file objections within the specified time waives the right to
2 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: January 7, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ball0102.osc