UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW GENE BALLARD,<br><br>Movant. | No. 2:16-cr-0102 KJM CKD P<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding with a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. On January 7, 2022, the court denied respondent's motion seeking leave to serve interrogatories upon movant's former counsel Mr. Olaf Hedberg. On January 14, 2022, respondent filed a document which the court construes as including a motion for reconsideration of that order. Respondent essentially restates the motion for reconsideration in a document filed March 25, 2022.

A court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the . . . court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

/////

In the court's January 7, 2022 order denying respondent's request to serve interrogatories on Mr. Hedberg, the court noted that Mr. Hedberg is not a party to this action and that Rule 33 of the Federal Rules of Civil Procedure only permits service of interrogatories upon parties. In a footnote, the court indicated:

> Respondent is correct that interrogatories are a type of discovery authorized under the language of Rule 6(b) of the Rules Governing Section 2255 Cases. Under Rule 6(a), however, the court is only permitted to authorize a party to conduct discovery as provided for in the Federal Rules of Criminal Procedure or Civil Procedure. Interrogatories are authorized under Rule 33 of the Federal Rules of Civil Procedure and can only be served on a "party."

In the document filed January 14, 2022, respondent asserts "federal courts routinely . . . permit interrogatories to non-witness parties" in § 2255 proceedings. ECF No. 136 at 3. Respondent cites six district court cases in support of this proposition. However, it appears that in only four of the cases cited, United States v. Garcia, CV 16-05581 SJO, 2017 WL 10560624, at *3-4 (C.D. Cal. June 20, 2017), United States v. Tringham, CV 14-2297 SJO, 2014 WL 12852322, at *1-2 (C.D. Cal. June 18, 2014), United States v. Jack, CR 09-2626 WJ, 2013 WL 12329174, at *1 (D.N.M. Oct. 2, 2013) and United States v. McCaleb, No. CV10-4313 CBM, 2010 WL 11632845 (C.D. Cal., Oct. 20, 2010) the government was permitted to serve interrogatories upon former counsel.

In Garcia, Tringham and McCaleb, there is no discussion as to whether service of interrogatories upon former counsel is actually permissible under federal law so the cases carry little weight.

In Jack, the court cites Rules 6(a) and (b) of the Rules Governing Section 2255 cases as authority for permitting service of interrogatories upon former counsel:

> Rule 6(a)-(b) of the Rules Governing § 2255 Proceedings states that "[a] judge may, for good cause, authorize a party to conduct discovery," and that "[a] party requesting discovery must provide reasons for the request" and "any proposed interrogatories and requests for admission, and must specify any requested documents."

Jack, 2013 WL 12329174 at *1. However, the court does not address Rule 6 requirement that the court permit discovery only as provided for in the Federal Rules of Civil Procedure, which, again, only permits that interrogatories be served on parties.

The sixth case, Johnson v. United States, Civ No. 08-858 SLR, 2010 WL 231790 (D. Del. Jan. 20, 2010) supports the court's position.  In that case, the court noted:

> [T]he Supreme Court has held that Federal Rule of Civil Procedure 33 is not applicable to habeas proceedings. Harris v. Nelson, 394 U.S. 286, 290, 89 S. Ct. 1082, 22 L. Ed.2d 281 (1969). Additionally, Rule 33 does not permit the service of interrogatories upon movant's former counsel because they are not parties to this § 2255 proceeding. Fed. R. Civ. P. 33(a); see, e.g., Hall v. Cain, 2008 WL 437738, at *3 (M.D. La. Sept. 25, 2008); Richard v. Girdich, 2007 WL 405863, at *2 (N.D.N.Y. Feb.1, 2007).

Johnson, 2010 WL 231790 at *2.

The court's reluctance to permit service of interrogatories on a non-party is not the result of an inflexible and constricted interpretation of the Federal Rules of Civil Procedure and the Rules Governing Section 2255 cases as it might appear.  Rather, the court's primary concern is the lack of a clear basis upon which the court could remedy Mr. Hedberg's failure to provide proper responses to respondent's interrogatories or respond at all.  The court does not have jurisdiction over Mr. Hedberg as it would if he were subpoenaed to sit for a deposition under Rules 30 and 45 of the Federal Rules of Civil Procedure, be deposed by written questions under Rules 31 and 45, or produce documents under Rule 45.  See U.S. v. Dollison, 3:09-cr-00106 SLG DMS, 2017 WL 3873698 at *8 n.6 (D. Ak. September 4, 2017) (non-party in § 2255 action not subject to request for interrogatories under Rule 33, but could be subpoenaed under Rule 45 to be deposed by written questions under Rule 31).

Finally, as the parties know, the court granted respondent leave to depose Mr. Hedberg and to require that he bring documents to the deposition as permitted under the Federal Rules of Civil Procedure, in response to discovery motions made by both parties.  Counsel for respondent failed to conduct the deposition, file a motion to compel, file a request for an extension of time to do either before the deadline imposed by the court passed and counsel has not presented good cause as to why.  Instead, after the court noted that the deadline had passed, counsel sought to re-litigate discovery parameters with her motion for leave to serve interrogatories.  Counsel has not

/////

/////

shown good cause as to why the court should re-examine the manner in which respondent might conduct discovery or re-open discovery.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Respondent's motion for reconsideration (ECF No. 136 & 138) is denied.

2. Respondent shall file an answer within 45 days.

3. Petitioner may file a traverse within 30 days of service of the answer.

Dated:  April 25, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ball0102.mfr

---

[1] Nothing in this order acts as a barricade to counsel for respondent obtaining evidence from Mr. Hedberg in the form of documents or possibly an affidavit. Counsel for respondent is referred to the court's August 5, 2021 order as to the degree which the court has already determined that movant has waived the attorney-client privilege with respect to Mr. Hedberg's representation.

4