UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0102 KJM CKD P |
| Respondent, | |
| v. | ORDER AND |
| MATTHEW GENE BALLARD, | FINDINGS AND RECOMMENDATIONS |
| Movant. | |

Movant is a federal prisoner proceeding with counsel with a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. ECF No. 75. On February 10, 2017, movant pled guilty to two counts of bank fraud and one count each of aggravated identity theft and unlawful possession of five or more identification documents. ECF No. 30 & 40. On September 8, 2017, movant was sentenced to concurrent terms of 27 months on the bank fraud and identity theft counts to be served consecutively to 24 months for unlawful possession of five or more identification documents, for a total sentence of imprisonment of 51 months. He did not appeal.

Movant presents nine claims for relief. For the reasons which follow, the court recommends that movant's § 2255 motion be denied.

/////

/////

/////

1

I. <u>Standards</u>

    A. <u>Guilty Pleas</u>

The types of claims a prisoner may assert in a § 2255 motion to challenge a guilty plea are substantially more limited than the types of claims which may be brought after a trial. Any claims arising before entry of a guilty plea which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable. See <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

    B. <u>Ineffective Assistance of Counsel</u>

The Sixth Amendment guarantees effective assistance of counsel in criminal proceedings. To establish ineffective assistance of counsel, two elements must be met. First, it must show that, considering all circumstances, counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). To this end, a defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. <u>Id.</u> at 690. The court must then determine whether the identified acts or omissions were outside the wide range of professional competent assistance. <u>Id.</u> Second, a defendant must affirmatively prove prejudice. <u>Id.</u> at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Id</u>.

With respect to an attack on a guilty plea, the degree of prejudice which must be shown is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-59 (1985).

/////

II. Claims

    A. Claims 1 and 5 - 2 Offense Level Increase for 10 or More Victims

The United States Sentencing Guidelines (USSG or Guidelines) provide that the higher the "offense level," the higher the range of sentence.  At sentencing, the trial court found that movant's offense level under the Guidelines to be an eleven (11).  ECF No. 52 at 4.  This included a 2-level increase under USSG § 2B1.1(b)(2)(A)(i) because, according to information provided in the presentence investigation report (PSR), at least 10 victims were involved in movant's "offense conduct."   ECF No. 35 at 4, 7.  In Claim 1, movant asserts that his trial counsel was ineffective for failing to investigate and then disputes that there were 10 or more victims.

USSG §2B1.1 provides an enhancement based upon the number of victims of an offense. More specifically, the victim table, found at §2B1.1(b)(2), provides for an offense level enhancement for offenses involving ten or more victims. Application Note 4(e) to USSG § 2B1.1(b)(2) defines a "victim" for purposes of USSG § 2B1.1(b)(2)(A)(i) as "any individual whose means of identification was used unlawfully or without authority."  Application Note 1 indicates that the term "means of identification" uses the definition found at 18 U.S.C. § 1028(d)(7), which includes a person's name.

In this case, the PSR indicated that movant was in possession of more than 15 "access devices," including credit cards, debit cards, and bank account numbers in the names of different account holders.  ECF No. 35 at 6.  The PSR specified that there were 27 victims identifiable with respect to movant's offense conduct (ECF No. 35 at 7), more than sufficient to support the 2-level increase found in USSG § 2B1.1(b)(2)(A)(i).

Movant asserts that had counsel done any further investigation, he would have learned that there were not enough victims to support the 10 victim 2-level increase.  There is nothing before the court suggesting that is the case.

In his reply brief, movant also suggests that to be a "victim" for purposes of USSG § 2B1.1(b)(2)(A)(i), the identity of the victim must appear in charging documents.  In the May 16, 2016, Information, only 2 of the 15 victims identified above are mentioned.  However, because

3

"[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range," U.S. v. Watts, 519 U.S. 148, 635-36 (1997) quoting USSG § 1B1.3 comment background, this argument has no merit. Further, any suggestion by movant that he was not aware that all of his conduct would be considered in fashioning his sentence is belied by the plea agreement he signed in which he specifically acknowledged that "the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the Information." ECF No. 31 at 2.

In Claim Five, movant faults the trial court for applying the 10-victim offense level increase. However, because the increase was supported by the record, movant cannot obtain relief as to this claim. Furthermore, in his plea agreement movant agreed to give up his right to challenge, in a § 2255 motion, any aspect of his sentence except such claims which cannot be waived. ECF No. 31 at 8-9. Because challenges to Guidelines determinations can be waived, U.S. v. Medina Carrasco, 815 F.3d 457, 462 (9th Cir. 2016), movant has waived Claim 5.

### B. Claim 2 - Incorrect Information About Actual Loss and Number of Victims

In Claim 2, movant asserts that trial counsel misadvised him that there were "a large number of victims." The court assumes that movant understood this to mean that more "victims" would result in a higher sentence. However, as there were a large number of victims, movant has no claim regarding counsel's characterization.

Movant also asserts that trial counsel advised him that the amount of actual loss resulting from movant's crimes was over $60,000 and would escalate to $200,000 if movant did not plead guilty. Movant asserts that this advice was not correct, and that had movant been advised correctly, he would not have pled guilty and would have insisted upon going to trial.

Under the Sentencing Guidelines, a determination of the amount of actual loss impacts the length of defendant's sentence pursuant to USSG § 2B1.1(b)(1)(B). For example, under that guideline, an actual loss determined to be $60,000 would result in an offense level increase of 6 levels, while an actual loss of $200,000 would result in a 10-level increase. Movant's sentence was increased 2 levels under USSG §2B1.1(b)(1)(B) with the loss determination being

4

$10,909.44. ECF No. 35 at 7. This was based upon "intended loss" as opposed to "actual loss." USSG § 2B1.1(b)(1)(B) applies if the "loss" exceeds $6,500. Under USSG §2B1.1(b)(1)(B) Application Note 4, "loss" means the greater of actual loss or intended. The actual loss identified in the PSR and charging documents amounted to $3,409.44.[1] ECF No. 1 at 2; 35 at 6.

Movant fails to show that counsel's advice as what the determination of actual loss would have been had movant gone to trial fell below an objective standard of reasonableness because movant does not indicate that counsel's estimate of actual loss post-trial was limited to the information considered in the PSR. In support of the proposition that counsel's assessment was not based merely upon the information contained in the PSR, the court notes that in his affidavit in support of his motion, counsel told movant that if he did not plead guilty, more charges would be brought. ECF No. 76-12 at 2.

Further, as argued by respondent, ECF No. 167 at 14, "actual loss" would have most likely increased with trial testimony as the actual loss amount would not have been limited to the amount movant took as reflected in the PSR. It also would have included all "reasonably foreseeably pecuniary harm caused." USSG §2B1.1(b)(1)(B) Ap. Note 4. As counsel knew, had the witnesses testified at trial, undoubtedly the amount of "actual loss" would only have increased as the witnesses detailed all of the pecuniary harm caused by movant's actions.

As for prejudice, in the plea agreement he signed, movant acknowledged "neither [respondent] nor defense counsel . . . can make a binding prediction or promise regarding the sentence he will receive." ECF No. 31 at 2. When movant pled guilty, he was specifically informed by the court that a sentence would be determined after preparation of the presentence investigation report and that "the sentence you receive may be different from any estimate your attorney may have given you." ECF No. 51 at 14. Movant indicated he understood this to be the case and still chose to plead guilty. Id.

---

[1] As part of the presentence investigation conducted by probation, "victim impact statements" were sent to the 27 victims to ascertain the damage caused by movant's conduct. ECF No. 35 at 6. Movant implies that because no victim impact statements were returned, there was no actual loss. However, the PSR determined that movant stole at least $3,409.44 and movant does not dispute this. ECF No. 35 at 6. His argument that there was no loss is therefore frivolous.

In addition, plaintiff fails to point to anything suggesting that opting to go to trial expecting that actual loss would have been in the neighborhood of $3,500 as opposed to $200,000 rendered trial a risk worth taking as opposed to pleading guilty under the terms of the plea agreement. In the plea agreement, respondent agreed to dismiss seven of the counts he faced, and to recommend that movant be sentenced to the lower end of the applicable Guidelines range with respect to three of the counts. The court cannot assume that subtraction of concessions would have been offset by a $3,500 actual loss determination in terms of the resulting sentence. For these reasons, the court finds that even if counsel's calculation concerning actual loss was objectively unreasonable, movant has not shown that the correct information would have made proceeding to trial a probable result.

For all these reasons, movant has not established ineffective assistance of counsel in Claim 2.

### C. Claim 3 - Failure to Investigate

Claim 3 reads as follows:

> I was denied Sixth Amendment effective assistance of counsel when Trial Counsel. . . failed to perform any sort of investigation into the facts of the case and had he done so he would have discovered that there were no victims in this case and no actual loss.

The record establishes that there were victims and over $3,000 in actual loss. Movant fails to point to anything suggesting the PSR was flawed and what exactly counsel should have done and did not do in terms of investigating the number of potential victims and actual loss. Accordingly, movant is not entitled to relief on Clam 3.

### D. Claim 4 - Failure to File Motion to Suppress

Movant argues that trial counsel should have moved to suppress statements made by his wife, Julie Ballard, to Assistant U.S. Attorney Rodriguez and U.S. Postal Inspector Tarver. Movant claims that Ms. Ballard only agreed to waive spousal privilege[2] and be interviewed after

---

[2] In federal court, "the witness-spouse alone has a privilege to refuse to testify adversely." Trammel v. U.S., 445 U.S. 40, 53 (1980). In other words, a defendant cannot stop a spouse from testifying by assertion of spousal privilege.

Ms. Rodriguez threatened to bring charges against her and suggested that her children would be taken from her. Ms. Ballard confirms movant's assertions in an affidavit. ECF No. 78-5.

There is no indication that trial counsel acted improperly in failing to file a motion to suppress on grounds of coercion because, even accepting as true Ms. Ballard's recollection of the conversation, there is nothing to suggest that the AUSA's statements were anything other than factual assertions; certainly, there is no evidence that her statements were not well-founded or were made in bad faith. Therefore, movant cannot meet the first requirement of any ineffective assistance of counsel claim which is that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984).

### E.   Claims 6-8 - The Conduct of Inspector Tarver

#### 1.   Background

On November 1, 2018, after movant's original § 2255 motion was submitted to the court for decision, respondent provided notice that Inspector Tarver, who had been involved in the investigation of the crimes committed by movant, had been charged in this court with theft of money orders. Respondent submitted the criminal complaint filed against Tarver setting forth his criminal acts and the investigation concerning those acts – all of which occurred after movant pled guilty. The complaint against Tarver indicates that the investigation into his conduct began no earlier than September 6, 2018. ECF No. 57-1 at 3-5. According to the complaint, and the PSR filed in the criminal case against Tarver, 2:18-cr-233 TLN, Tarver initiated his money order stealing scheme no earlier than July of 2017, approximately five months after movant pled guilty in this case. ECF No. 57-1 at 6; 2:18-cr-223 TLN, ECF No. 43 at 4.

Still, the complaint against Tarver filed by respondent prompted the court to appoint counsel for movant on January 10, 2019. Counsel submitted the operative amended § 2255 motion bringing the new claims concerning Tarver's conduct addressed below.

////

////

////

////

2. Claim 6 - Invalid Search Warrant

In Claim 6, movant asserts that Inspector Tarver obtained a search warrant for plaintiff's computers on April 21, 2016[3] based upon perjured testimony and the omission of relevant information, in violation of the Fourth Amendment. Movant also asserts that his trial counsel was ineffective for not challenging the search and seizure of plaintiff's computers in violation of his rights under the Sixth Amendment.

a. Fourth Amendment

As for the Fourth Amendment aspect of this claim, movant's claim is waived by virtue of his guilty plea. As indicated above, any claims arising before entry of a guilty plea which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Plaintiff's Fourth Amendment claim ultimately concerns whether there was probable cause for the search warrant issued, and not the voluntary and intelligent nature of his guilty plea. While it is conceivable that a plea of guilty can be not knowing and voluntary if information comes to light after a defendant pleads guilty to cast doubt on his decision, that is not the case here. Movant learned after he pled guilty that Tarver engaged in criminal activity which also occurred after movant pled guilty. Nothing before the court suggests that movant lacked any knowledge material to the issuance of the search warrant of his computers before movant pled guilty.

b. Ineffective Assistance

Movant asserts that counsel did not adequately investigate issues regarding the search warrant, but again fails to point to any supporting evidence, including what investigation should have been undertaken or what reasonably could have been found.

As to whether the search warrant should have been challenged based on things counsel did know, movant points to an interview that Inspector Tarver had with movant's roommate, Shelly N. In Tarver's search warrant affidavit, he noted that stolen mail had been found in a search of movant's residence. ECF No. 76 at 3-8. Shortly after the search of the residence, movant's

---

[3] The warrant and supporting affidavit can be found at ECF No. 76-3.

roommate, Shelly N., told Tarver that she had never seen stolen mail anywhere in the residence and that she had never seen stolen gift cards which were recovered during the search from the top of her purse. She surmised that movant had placed them there while she was not present. ECF No. 76-10 at 2.

While Tarver did not include any of the information provided to him by Shelly N. in his search warrant affidavit, Tarver did provide extensive evidence indicating that movant had created fraudulent checks and obtained funds with them, used and possessed fraudulent credit cards, and possessed fraudulent identification documents in the names of others. ECF No. 76-3 at 6-12. In light of all of the evidence, challenging the search warrant issued on the basis of the statements made by Shelly N. was not a reasonable course of action.

Because movant cannot raise a Fourth Amendment challenge as to the issuance of a search warrant for his computers and because movant fails to show his trial counsel was objectively unreasonable in failing to challenge the search warrant, Claim 6 must be rejected.

### 3. Claims 7 and 8 - Prosecutorial Misconduct

In Claims 7 and 8, movant takes issue with the timing of respondent's revelations concerning Inspector Tarver. Both claims fail for two reasons. First, there is no evidence Tarver engaged in any criminal activity unknown to movant[4] prior to the date movant pled guilty, and movant fails to indicate exactly what exculpatory and/or impeachment evidence respondent failed to provide movant before he pled guilty. Second, movant fails to establish any prejudice resulting from any delay in turning over evidence. All evidence was provided to movant during these proceedings and there is no indication that the evidence provided was insufficient to vindicate any rights which may have arisen at any time after movant pled guilty. Claims 7 and 8 have no merit.

////

---

[4] In his amended motion, filed long after the respondent's revelations regarding Inspector Tarver's criminal conduct, movant alleged for the first time that at the time of his arrest, Tarver solicited him to help Tarver "make some money" cashing money orders in exchange for making the charges against movant "go away." ECF No. 76-12 at 5. As the court noted in an order dated August 25, 2021, movant's allegations are "self-serving, uncorroborated, and far-fetched." Nonetheless, the court need not determine that the allegations are prevarication to recommend the denial of his claim as it is barred by movant's guilty plea. See section I. A. supra.

  F.  Claim 9 - Remarks Made by Trial Counsel Predicting the Result of Trial

  Finally, movant asserts he was subjected to ineffective assistance of counsel because counsel indicated that if he chose not to plead guilty and proceed to trial, movant would be indicted on additional charges and that his sentence would be 60 years or more.  Because movant fails to point to anything suggesting this was not sound advice, movant's final claim must be rejected.

III.  Request for Evidentiary Hearing

  Movant requests that the court hold an evidentiary hearing.  The issues raised in movant's § 2255 motion do not warrant an evidentiary hearing as the allegations can be decided based on the existing record.  See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia–Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief.").  Accordingly, movant's request will be denied.

IV.  Conclusion

  For all of the foregoing reasons, the court recommends that movant's 28 U.S.C. § 2255 motion be denied.

  Accordingly, IT IS HEREBY ORDERED that movant's request for an evidentiary hearing is denied.

  IT IS HEREBY RECOMMENDED that:

  1. Movant's amended motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 75) be denied; and

  2. The Clerk of the Court be directed to close the civil companion case 2:18-cv-0271 KJM CKD P.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant

1 | may address whether a certificate of appealability should issue in the event he files an appeal of
2 | the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district
3 | court must issue or deny a certificate of appealability when it enters a final order adverse to the
4 | applicant). Any response to the objections shall be served and filed within fourteen days after
5 | service of the objections. The parties are advised that failure to file objections within the
6 | specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
7 | 1153 (9th Cir. 1991).

Dated: March 4, 2024

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ball0102.2255(b)